## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CRIMINAL ACTION** |
| **v.** | ) | |
| | ) | **No. 06-20169-CM** |
| | ) | |
| **BROCKE GRAHAM,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

This case comes before the court on defendant's Motion for New Trial (Doc. 68).  Because defendant fails to meet his burden, defendant's motion is denied.

Defendant bases his motion on his claim that the court improperly admitted unfairly prejudicial evidence of other wrongs, crimes, or acts.  The government responds that the evidence in question was appropriately admitted.

In considering a motion for new trial, the court has broad discretion which will not be disturbed on appeal absent plain abuse of that discretion.  *United States v. Troutman*, 814 F.2d 1428, 1455 (10th Cir. 1987).  The standards for granting a new trial are not as strict as the standards for granting judgment of acquittal.  Federal Rule of Criminal Procedure 33 provides that a court may grant a new trial "if the interest of justice so requires."  Additionally, any error which would require reversal on appeal is a sufficient basis for granting a new trial.  *United States v. Walters*, 89 F. Supp. 2d 1206, 1213 (D. Kan. 2000) (quotation and citation omitted).  But courts disfavor new trials, *United States v. Gleeson*, 411 F.2d 1091, 1093 (10th Cir. 1969), and exercise great caution in granting them, *United States v. Sinclair*, 109 F.3d 1527, 1531 (10th Cir. 1997).  The burden of

proving that a new trial is warranted rests on the defendant. *Walters*, 89 F. Supp. 2d at 1213 (citations omitted).

Regarding the admission of evidence of other crimes, wrongs, or acts, the Tenth Circuit has stated that such evidence is admissible if: "(1) it is offered for a proper purpose; (2) it is relevant; (3) the probative value of the evidence is not substantially outweighed by its potential for unfair prejudice; and (4) the court, upon request, instructs jurors to consider the evidence only for the purpose for which it was admitted." *United States v. Hubenka*, 438 F.3d 1026, 1036 (10th Cir. 2006) (citing *United States v. Tan*, 254 F.3d 1204, 1207 (10th Cir. 2001).

Here, the court found during trial that the evidence in question was being offered for a proper purpose—as evidence of defendant's intent, preparation, plan, and identity. At trial, the court found that the evidence in question was also relevant. Additionally, the court found that the probative value of the evidence in question was not outweighed by its potential prejudice. Defendant's present arguments that other evidence could have served these purposes, making the evidence irrelevant and more prejudicial, are unconvincing. Lastly, the court included in the jury instructions the following:

> Instruction No. 20
> You have heard evidence of other crimes and wrongs engaged in by the defendant. You may consider that evidence only as it bears on the defendant's intent, preparation, plan, identity, and for no other purpose. Of course, the fact that the defendant may have previously committed an act similar to the one charged in this case does not mean that the defendant necessarily committed the act charged in this case.

Based on these prior determinations, and the inclusion of the limiting instruction, the court finds that the evidence in question was properly admitted and that a new trial is unnecessary.

**IT IS THEREFORE ORDERED** that defendant's Motion for New Trial (Doc. 68) is denied.

Dated this 20th day of November, 2007, at Kansas City, Kansas.


**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**