**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) Case No. 06-20169-001-CM |
| | ) |
| **BROCKE A. GRAHAM,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## MEMORANDUM AND ORDER

This matter comes before the court on defendant's *pro se* Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2). (Doc. 130.) Defendant seeks to reduce his sentence based on the Fair Sentencing Act of 2010 ("FSA") and Amendment 750, which reduced the minimum sentencing guidelines applicable to certain crack cocaine offenses. For the following reasons, the court denies defendant's motion.

**I.  Factual and Procedural Background**

On February 28, 2007, a grand jury charged defendant with the following six counts in a superseding indictment: 1) and 2) 21 U.S.C. § 841(b)(1)(C), distribution of a quantity of a mixture and substance containing a detectable amount of cocaine base; 3) 21 U.S.C. § 841(b)(1)(iii), possession with intent to distribute five grams or more of a mixture and substance containing cocaine base; 4) 18 U.S.C. § 924(c), unlawfully possessing a firearm in relation to a drug trafficking crime; 5) 18 U.S.C. §§ 922(g)(1) and 924(a)(2), felon in possession of a firearm; and 6) 18 U.S.C. § 1512(b)(1) and (2),

tampering with a witness. (Doc. 17.) After a trial, a jury found defendant guilty of counts one, two, three, five, and six. (Doc. 65.)

On January 4, 2008, the court sentenced defendant to a term of imprisonment of 235 months on counts one, two, and three, and 120 months on counts five and six, with all counts to run concurrently. (Doc. 98 at 61.) At the sentencing hearing, the court adopted the Presentence Investigation Report ("PSIR"), and concluded defendant's total offense level was 36 and his criminal history category was III.[1] Accordingly, the advisory guideline range provided a term of imprisonment of 235 to 293 months. (PSIR ¶ 60.) Thus, defendant's term of imprisonment reflected a sentence at the low end of the guideline range. On October, 24, 2011, defendant filed the current motion seeking a reduction in his sentence. (Doc. 130.) In his motion, defendant briefly mentions the FSA and the amended 18:1 ratio for crack cocaine and powder cocaine offenses. (*Id.*)

## II.     Legal Standards and Analysis

### A. Sentencing Guideline Range

Pursuant to 18 U.S.C. § 3582(c)(2), a district court may reduce a defendant's term of imprisonment when the court sentenced a defendant based on the applicable sentencing guidelines and those guidelines are subsequently lowered by the Sentencing Commission. Additionally, any reduction shall be "consistent with the applicable policy statements issued by the sentencing commission." 18 U.S.C. § 3582(c)(2). The Sentencing Commission passed Amendment 750, which went into effect on November 1, 2011. Pursuant to § 1B1.10 of the sentencing guidelines, part A of Amendment 750 adjusted the sentencing guidelines by amending the cocaine base amounts in the drug quantity table in § 2D1.1(c). Specifically, the table provides a base offense level depending on the drug quantity attributed to the defendant. U.S.S.G. § 2D1.1(c). The Sentencing Commission amended the

---

[1] (Doc. 98 at 61; PSIR ¶ 60.) The court held defendant accountable for 339.64 grams of cocaine base, which provided for a base offense level of 32. (PSIR ¶ 22.) Defendant received a two-level increase for possession of a firearm, and a two-level increase for obstruction of justice, which resulted in a total offense level of 36. (PSIR ¶ 23, 26.)

guidelines pursuant to the Fair Sentencing Act of 2010 ("FSA"), which amended the threshold amount of cocaine base required to trigger a mandatory statutory minimum sentence under 21 U.S.C. § 841(b).

Unlike the FSA, the Sentencing Commission provided for Amendment 750 to apply retroactively. *Compare United States v. Lewis*, 625 F.3d 1224, 1228 (10th Cir. 2010) (stating the FSA is not retroactive), *with* U.S.S.G. § 1B1.10 (describing the circumstances in which a "court may reduce the defendant's term of imprisonment."). However, the sentencing guidelines state that a sentence reduction is not consistent with the policy statements if "an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). To determine whether a defendant is entitled to a sentence reduction, the Supreme Court stated, "[t]he relevant policy statement, USSG § 1B1.10, instructs courts proceeding under § 3582(c)(2) to substitute the amended Guidelines range while 'leav[ing] all other guideline application decisions unaffected.'" *Dillon v. United States*, 130 S. Ct. 2683, 2688 (2010) (quoting U.S.S.G. § 1B1.10(b)(1)). Therefore, the court must determine to what extent Amendment 750 can lower defendant's applicable guideline range while leaving all other guideline decisions unaffected.

Amendment 750 does not have the effect of lowering defendant's guideline range, and therefore, defendant is not entitled to a sentence reduction. *See* U.S.S.G. § 1B1.10(a)(2)(B). In this situation, the court sentenced defendant based on the quantity of drugs he possessed and his criminal history. Pursuant to the sentencing guidelines in effect at the time of defendant's sentencing, the court found defendant had a base offense level of 32 because he possessed 339.64 grams of cocaine base. At that time, the sentencing guidelines provided a base offense level of 32 for an offense involving 150 to 500 grams of cocaine base. U.S.S.G. § 2D1.1(c)(4) (2007).

Pursuant to Amendment 750, the sentencing guidelines altered the base offense levels for certain amounts of cocaine base. However, in defendant's case, the base offense level remains exactly

-3-

the same.  Specifically, Amendment 750 changed the guidelines to provide that an offense involving 280 to 840 grams of cocaine base results in a base offense level of 32.  Thus, while Amendment 750 increased the range required to trigger a base offense level of 32, defendant's possession of 339.64 grams of cocaine base still falls within that range.  Additionally, the two-level adjustments for possession of a weapon and obstruction of justice remain unaffected by Amendment 750.  Accordingly, defendant's total offense level remains the same as it was at sentencing, 36.  Coupled with defendant's criminal history category of III, the sentencing guidelines still provide a guideline range of 235 to 293 months.  U.S.S.G. ch. 5, pt. A.

Therefore, because Amendment 750 does not have the effect of lowering defendant's applicable guideline range, defendant is not entitled to a sentence reduction.  To find otherwise would be inconsistent with the policy statements in § 1B1.10 of the sentencing guidelines.

### B.  Appointment of Counsel

Defendant additionally asks the court to appoint counsel on his behalf.  For the purposes of a motion under 18 U.S.C. § 3582, there is no constitutional right to appointed counsel.  *United States v. Olden*, 296 Fed. App'x 671, 674 (10th Cir. 2008).  Rather, it is in the court's discretion whether to appoint counsel.  *Id.*  Accordingly, because the court finds defendant is not entitled to a reduction of his sentence, the court finds he is not entitled to appointed counsel.  *See id.*

**IT IS THEREFORE ORDERED** that defendant's motion to reduce his sentence pursuant to 18 U.S.C. § 3582 is denied.

Dated this 1st day of May, 2012 at Kansas City, Kansas.

                                            s/ Carlos Murguia
                                            **CARLOS MURGUIA**
                                            **United States District Judge**